IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MID ... F LA

2008 JUL 14  P 2: 28

Washington-St. Tammany Electric )
Cooperative, Inc. )
 )
 )   Civil Action No. 3:08-cv-0430...   CLERK
vs. )
 )
 )
Louisiana Generating, L.L.C. )

## TEMPORARY RESTRAINING ORDER

This temporary restraining order is issued for the following reasons:

1.  Plaintiff, Washington-St. Tammany Electric Cooperative, Inc. ("WST"), and defendant, Louisiana Generating, L.L.C. ("LaGen"), are parties to a Power Supply and Service Agreement dated as of June 24, 2002, as amended (the "PSSA"), pursuant to which WST purchases electric power from LaGen.  WST serves approximately 54,200 customers in the Parishes of St. Tammany, Washington and Tangipahoa in the State of Louisiana.

2.  By letter dated April 9, 2008, LaGen notified WST that it recently learned that WST is providing electric service to the City of Franklinton.  In the letter, LaGen informed WST that it considers Franklinton to be "new territory" under the PSSA and that, effective April 9, 2008, it declines to sell electricity to WST for Franklinton.

3.  LaGen further states in its April 9, 2008 letter that past invoices for electricity sold to WST for Franklinton will be revised to reflect sales to Franklinton at prevailing market rates.  LaGen also states that it will continue to provide WST with the electricity needed to serve Franklinton, as an accommodation to WST, but that the cost of such electricity will be priced at market rates as determined by LaGen.  LaGen then states that WST's failure to make timely payment will be deemed an event of default under the PSSA.

4.  WST has disputed LaGen's contention and WST claims that the electric power purchased to serve the City of Franklinton is subject to the rates established by the PSSA.

5.  On or about June 18, 2008, LaGen submitted a revised invoice to WST purporting to reflect a redetermination of the cost of the electricity sold to WST for Franklinton using the prevailing market rate rather than the standard contract tariff of the PSSA.  The revised invoice in the amount of $6,132,901.00 provided that, unless WST paid the invoice within fifteen days, LaGen would consider WST to be in default under the PSSA.  The revised invoice purportedly represents an adjustment of previous invoices rendered from June of 2005 to April of 2008.

6.  WST has not paid the revised invoice.

7.    By letter dated July 7, 2008, LaGen formally placed WST in default based upon WST's failure to pay the revised invoice within the required period.  In the default notice, LaGen stated that, unless WST pays the revised invoice by July 12, 2008, LaGen will avail itself of the remedies for default set forth in the PSSA, which remedies include termination of the PSSA.

8.    By letter dated July 10, 2008, WST notified LaGen that it has invoked the dispute resolution process set forth in the PSSA with respect to the Franklinton dispute, which process involves mediation and, if necessary, binding arbitration.

9.    If LaGen terminates the PSSA, WST will be unable to replace or replicate the contract, because the rates set forth in the tariff contained in the PSSA are substantially below the current market rates.  Under these circumstances, termination of the PSSA as threatened by LaGen will cause irreparable injury to WST and its customers and will substantially impair the public interest.

10.    WST has met its burden by demonstrating the presence of all of the elements required to justify the issuance of a temporary restraining order.

11.    This temporary restraining order is appropriate in order to maintain the status quo until the Court conducts a hearing on WST's request for preliminary injunction, or unless otherwise ordered by the Court.

CONSIDERING THE FOREGOING, the Court hereby issues a temporary restraining order

enjoining defendant, LaGen:

    from placing plaintiff, WST, in default under the PSSA, from terminating the PSSA, from pursuing any of the default remedies under the PSSA, and from taking any other action or seeking any other relief based upon any claim or cause of action asserted by LaGen as a result of WST's service to the City of Franklinton, Louisiana.

It is further ordered that plaintiff, WST, post security in the amount of one thousand dollars

($1,000.00).  Nothing in this temporary restraining order shall relieve WST from its obligation to pay

for electricity purchased from LaGen priced at the standard contract tariff contained in the PSSA.

Furthermore, nothing in this temporary restraining order shall prohibit either party from exercising

any of their contractual rights under the PSSA or other rights under law with respect to matters that

are not within the specific scope of this temporary restraining order as set forth herein.  Unless

otherwise ordered by this Court, this temporary restraining order shall remain in effect until a hearing

on the plaintiff's demand for a preliminary injunction, which hearing shall occur on the 29th day of

July, 2008, at 10 o'clock a.m. *ORALLY ISSUED July 11, 2008 at 1030 Am*
*WRITTEN ORDER*

~~Thus done and~~ signed on this *14th* day of July, 2008 in Baton Rouge, Louisiana.

JAMES J. BRADY, DISTRICT JUDGE